IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JOHN JOHNSON, #936237 | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-04-243 |
| | § | |
| DOUG DRETKE, DIRECTOR | § | |
| TDCJ-CID | § | |

**REPORT AND RECOMMENDATION**

Before the Court is the Petition for a Writ of Habeas Corpus of John Johnson, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division. The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. The State has custody of Petitioner pursuant to a judgment and sentence entered on November 5, 1999, by the 10th District Court of Galveston County, Texas. Petitioner originally pled nolo contendere to a charge of aggravated sexual assault and was placed on deferred adjudication on November 16, 1995. The State filed a motion to adjudicate guilt and revoke community supervision, and the state court sentenced Petitioner on November 5, 1999, to sixteen years imprisonment in the TDCJ-CID.

Petitioner subsequently filed an appeal on a date that is not clear from the record and not provided by the State. The appellate court dismissed it on November 22, 2000, as untimely since Petitioner was required to file an appeal after deferred adjudication was imposed on November 16, 1995. *Johnson v. State*, No. 01-99-01356-CR, (Houston [1st Dist.] 2000). His first state habeas writ was filed on March 15, 2000 and, like the second writ, was dismissed

since Petitioner's appeal was pending. These writs did not toll the limitations period required by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Larry v. Dretke*, 361 F.3d 890 (5th Cir. 2004). His third state writ was filed on August 30, 2001, and it was dismissed without written order on December 5, 2001. Petitioner subsequently filed the instant writ in federal court on April 13, 2004, raising claims related to his underlying conviction as well as subsequent matters.

The State correctly claims that Petitioner's writ is untimely on those issues relating to his conviction, although its argument ignores established law. The AEDPA requires prisoners who wish to challenge their conviction to file a writ in federal court within one year of the date on which the judgment became final by conclusion of direct review. 28 U.S.C. § 2244(d)(1)(A). Under Texas law, a prisoner can raise issues relating to an original plea proceeding only in appeals taken when deferred adjudication is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). The Fifth Circuit has recently determined that orders of deferred adjudication are final judgments for the purpose of AEDPA's statute of limitations. *Caldwell v. Dretke*, 429 F.3d 521 (5th Cir. 2005). The State ignores the fact that Petitioner's 1995 conviction became final before Congress enacted the AEDPA on April 24, 1996. The time for filing a habeas writ in federal court therefore expired on April 24, 1997. *Kiser v. Johnson*, 103 F.3d 326, 327 (5th Cir. 1999). All claims relating to Petitioner's 1995 conviction are therefore time-barred from consideration by this Court.

Petitioner next claims that he received ineffective assistance of counsel on appeal. The time for filing a Petition for Discretionary Review with the Court of Criminal Appeals expired on December 22, 2000, thirty days after the appellate court denied Petitioner's appeal. The

AEDPA's limitations period began on December 23, 2000, and ran until Petitioner filed his third state writ on August 30, 2001. Petitioner used up 251 of the 365 days in the limitations period, leaving him 114 days. The limitations period was tolled until the state court denied the writ on December 5, 2001, and it expired 114 days later on March 29, 2002. This claim is also time-barred from consideration at this point.

The State overlooks Plaintiff's claim that he received ineffective assistance of counsel at a September 13, 2002, DNA hearing. Petitioner did not raise this issue in his fourth state writ, which was filed on September 20, 2002, but he did raise it in the fifth writ. Unfortunately, the filing date for the fifth writ is not stamped on it, but Petitioner submitted it on August 19, 2003. Although the "mailbox" rule does not apply to the filing of state writs, the Court uses that date in this case because it is clearly indicated and does not prejudice Petitioner. The AEDPA's limitations period began on September 14, 2002, and it ran at least until August 19, 2003, when Petitioner executed his fifth state writ. Although that habeas petition was dismissed as successive, it tolled the limitations period. *Villegas v. Johnson*, 184 F.3d 467 (5th Cir. 1999). Petitioner had used up 341 days by the time he executed his fifth writ. It was dismissed on December 3, 2003, and the limitations period expired 24 days later on December 27, 2003. This claim is thus also time-barred from consideration.

The Court therefore **RECOMMENDS** the Petition for a Writ of Habeas Corpus of John Johnson (Instrument No. 1) be **DISMISSED as time-barred**.

The Clerk shall send copies of this Report and Recommendation to the Petitioner by the means in place for transmission of same. Petitioner shall have until **February 3, 2006**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on**

**file** in the Office of the Clerk. The Objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300. **Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this 11th day of January, 2006.

John R. Froeschner
United States Magistrate Judge